**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JUSTIN RUSSO, | : |
| Plaintiff, | : Civil Action No. 16-5665 (ES) |
| v. | : MEMORANDUM |
| CITY OF PATERSON, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

On October 7, 2014, Plaintiff Justin Russo was in a car in Paterson, "where he was transacting with another man." (D.E. No. 1 ("Compl.") ¶ 22). After the transaction, Russo "began to pull off in his car." (*Id.* ¶ 23). The following seven Defendants then "began pursuing Plaintiff's vehicle in unmarked police vehicles": Sgt. Altman, Detective Formentin, Detective Macolino, Detective Miccinilli, Detective Huntington, Detective Curving and Detective Judeh. (*Id.* ¶ 23). Russo was "unaware that the persons behind him were police officers in undercover police vehicles." (*Id.* ¶ 24). He believed they were pursuing him "with the intention of robbing him." (*Id.*). So, "he sped off in his vehicle." (*Id.*).

While trying to "get away from what he believed were people trying to rob him," Russo "sideswiped a parked car." (*Id.* ¶ 25). After "striking the parked car," Russo "exited his vehicle and began to run." (*Id.* ¶ 26).

At this time, the above-mentioned Defendant officers "exited their vehicles and shouted to Plaintiff to stop and get on his knees." (*Id.*). The "officers notified Plaintiff that they were in fact police officers." (*Id.*). Realizing that these "persons chasing him were police officers,"

Russo followed "their instructions and stopped and got down on his knees." (*Id.* ¶ 27). But, "[a]ccording to the Paterson Police Department's Narcotics Investigative Report," the officers "utilized physical force specifically punching [the Plaintiff] with closed fists about the body and head area to subdue Mr. Russo and place him in handcuffs." (*Id.* (alteration in original)).

Russo next remembers "waking up in a hospital bed with sever [sic] injuries to his head[,] including but not limited to a compressed skull fracture." (*Id.* ¶ 28). He alleges that it was the officers' "brutal and excessive actions that caused [him] to receive serious injuries to his head and face." (*Id.*). Russo "suffered severe and permanent injuries." (*Id.* ¶ 29).

Accordingly, Russo brought this action—asserting the claims listed below—against eleven Defendants. (*See* Compl. ¶ 1). The following Defendants moved to dismiss Russo's Complaint under Federal Rule of Civil Procedure 12(b)(6): (1) the City of Paterson; (2) Paterson Police Department; (3) Director Jerry Speziale; and (4) Chief William Fraher. (D.E. No. 12-1 ("Def. Mov. Br.")). Defendant officers Macolino and Judeh subsequently joined the motion to dismiss. (D.E. Nos. 13 & 17). Collectively, these are the "Moving Defendants."[1] Russo opposes the motion to dismiss. (D.E. No. 23 ("Pl. Opp. Br.")).[2]

Having considered the submissions made in support of and in opposition to the pending motion to dismiss, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). As set forth below, the Court dismisses Russo's claims against the Moving Defendants.

**1.     Plaintiff's Claims.**  Russo asserts the following nine causes of action: (1) Violations of 42 U.S.C. §§ 1983, 1988; (2) Violation of the New Jersey Constitution (through N.J.S.A. § 10:6-2 or the "NJCRA"); (3) Punitive Damages; (4) Violation of the New Jersey

---

[1]     The following Defendants did not join the pending motion to dismiss: Detective Curving, Sgt. Altman, Detective Formentin, Detective Miccinilli and Detective Huntington. The Court also notes that Russo's Complaint names as Defendants: "John Does 1-10, John Roes Supervising Officers and ABC Corp. 1-10." (Compl. ¶ 1).

[2]     Russo agrees, however, that the Paterson Police Department should be dismissed from this action (Pl. Opp. Br. at 5), and the Court accordingly dismisses all claims against the Paterson Police Department.

Constitution (through the NJCRA based purportedly on different allegations than Count II); (5) Civil Conspiracy; (6) Intentional Infliction of Emotional Distress; (7) Assault and Battery; (8) Negligence; and (9) Negligent Hiring, Training, Supervision and Retention. (*See* Compl. ¶¶ 34-90).

**2.    Legal Standard**.    To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Determining whether there is "a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)).  But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**3.    Relevant Arguments.**    The Moving Defendants argue that—as a threshold matter—the nine causes of action improperly fail to identify which Defendant(s) each cause of action is directed to. (Def. Mov. Br. at 1-2).  They contend that "not all causes of action may be

asserted against all defendants." (*Id.* at 2). Russo fails to offer any response to this contention. But Russo's opposition suggests that he is trying to assert each claim against each Defendant (including the Moving Defendants) and proffers the purported bases for doing so.[3]

**4.    Discussion.**    "In general, a Complaint must indicate which claims are being asserted against which defendants." *Smalls v. Riviera Towers Corp.*, No. 12-6312, 2013 WL 4048008, at *2 (D.N.J. Aug. 9, 2013). "Courts in this district have held that pleadings that fail to explain who has committed what actions are impermissibly vague and fail to comport with the pleading standards set out by the Supreme Court in *Twombly*." *Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-663, 2015 WL 9049273, at *8 (D.N.J. Dec. 16, 2015) (collecting cases).

As a court in this District explained regarding certain instances of group pleading, "[a]lleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014). And "[s]uch speculation is anathema to contemporary pleading standards." *Id.*; *cf. K.J. v. Greater Egg Harbor Reg'l High Sch. Bd. of Educ.*, No. 14-145, 2015 WL 5039460, at *6 (D.N.J. Aug. 26, 2015) ("Referring to a numbered paragraph naming all eighteen School Defendants does not adequately allege which specific defendants, nor which of their actions, are responsible for the violations alleged. It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another." (internal quotation marks and citations omitted)); *Japhet*, 2014 WL 3809173, at *2 ("[A]s currently constructed, it is impossible for this Court to read the Complaint

---

[3]    Having reviewed Russo's opposition brief, the Court is compelled to remind him of the following tenet: "It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint. . . . [I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation marks and citation omitted).

and have any idea what Kellerman did to get named in this lawsuit, let alone what she did that would make her plausibly 'liable for the misconduct alleged.'" (citing *Iqbal*, 556 U.S. at 678.)).[4]

This appears to be particularly so in cases—such as this one—where there are different types of defendants (e.g., individual defendant officers, supervisory individuals, the City of Paterson) that purportedly had different roles in the alleged misconduct. *See Falat v. Cty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) ("It may at times be appropriate and convenient for a pleading to use the short-hand term 'Defendants,' but when the Complaint has named 16 separate defendants (exclusive of fictitiously named defendants) who occupied different positions and presumably had distinct roles in the alleged misconduct, Plaintiffs cannot merely state that '*Defendants* did x'—they must specifically allege *which* Defendants engaged in what wrongful conduct." (emphases in original)).

Given these precepts, the Court must dismiss Russo's claims against the Moving Defendants. As an initial matter, the Court notes that Russo failed to address the above-referenced argument made by the Moving Defendants. But more to the point, Russo "cannot merely state that '*Defendants* did x'—[he] must specifically allege *which* Defendants engaged in what wrongful conduct" given the factual allegations and asserted causes of action against the different types of Defendants here. *See Falat*, 2013 WL 1163751, at *3. Russo's Complaint fails to explain who committed what actions and impermissibly relies on pleaded elements of a cause of action, supported by conclusory statements.

For example, in his "Negligence" claim (Count VIII), Russo incorporates by reference all of his previous allegations and alleges only that "*Defendants* were individually and jointly

---

[4] To be sure, "a lengthy complaint and excessive number of defendants are not requirements for this type of impermissible vagueness." *Transp. Ins. Co.*, 2015 WL 9049273, at *8. Further, "[i]t is not group pleading *per se* . . . that violates the standard of Rule 8." *Commonwealth of Pa. v. Think Fin., Inc.*, No. 14-7139, 2016 WL 183289, at *11 (E.D. Pa. Jan. 14, 2016).

negligent in failing to insure that Plaintiff's Constitutional and statutory civil rights were protected." (*See* Compl. ¶¶ 83-84 (emphasis added)). Yet, as evident from Russo's own allegations, the Defendants in this case occupied different positions and presumably had distinct roles in the alleged misconduct. And it is unclear from Russo's Complaint which Defendants engaged in what wrongful conduct to support a negligence claim.

Russo's opposition seems to inject more guesswork. For example, he tries to save *all* of his claims against Director Speziale and Chief Fraher, but only generally discusses negligence in "hiring, training, supervision and retention of Paterson police officers." (Pl. Opp. Br. at 5-7). So, Russo's argument defending his claims for "Intentional Infliction of Emotional Distress" (Count VI) and "Assault and Battery" (Count VII) against these two Defendants is as follows: "Director Speziale and Chief Fraher are responsible for the *supervision* of officers holding an inferior rank." (*See* Pl. Opp. Br. at 10 (emphasis added)). But this ostensibly only concerns his last cause of action for "Negligent Hiring, Training, Supervision and Retention" (Count IX). Accordingly, even with the benefit of his opposition, Speziale and Fraher (as well as the Court) are left to guess what they did to make them plausibly liable for "Intentional Infliction of Emotional Distress" and "Assault and Battery."

Moreover, the Court notes that Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. So, for example, it is insufficient for Russo to argue that "a *possible* conspiracy" has been alleged and "further discovery is required to determine its exact nature" in an effort to save his claim for "Civil Conspiracy" (Count V). (*See* Pl. Opp. Br. at 10 (emphasis added)); *see Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

**5. Conclusion.** Based upon the foregoing, the Court finds that Russo's claims against the Moving Defendants are deficient. Russo's claims against the City of Paterson, Speziale, Fraher, Macolino and Judeh are dismissed *without prejudice*. The Court notes, however, that Defendant officers Macolino and Judeh do not stand in the same shoes as the City of Paterson, Speziale, or Fraher. This is plainly apparent from Russo's allegations. If seeking dismissal of Russo's claims in the future, Macolino and Judeh shall either separately move or explain their basis for joining any motion to dismiss and what part(s) of any such motion they join.[5] In light of Russo's representation (*see* Pl. Opp. Br. at 5), Defendant Paterson Police Department is dismissed from this action *with prejudice*. An appropriate Order accompanies this Memorandum.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**

---

[5] As it is, Defendant Macolino's counsel stated the following: "Kindly note for the record that I join in the pending Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) which was filed by counsel for the co-defendant City of Paterson under ECF Entry 12 on behalf of my client, Sal Macolino." (D.E. No. 13). Similarly, Defendant Judeh's counsel stated the following: "I would respectfully request to join in the motion for the reasons set forth in the moving brief." (D.E. No. 17).